1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD E. VILLEGAS, ) | Case No.: CV 11-05511 PSG |
| ) | |
| Plaintiff, ) | **ORDER TO REASSIGN CASE; AND** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **THAT CASE BE DISMISSED WITH** |
| THE DEPARTMENT OF MOTOR VEHICLES, ) | **LEAVE TO AMEND** |
| ) | |
| Defendant. ) | |
| ) | |

On November 15, 2011, Plaintiff Edward E. Villegas ("Villegas") proceeding *pro se* filed a complaint and an application to proceed *in forma pauperis*.  Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Judge with the recommendation that the case be dismissed with leave to amend.[1]  A federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] This court is ordering reassignment to a District Judge because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988).

[2] *See* 28 U.S.C. §1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

1

In the complaint, Villegas alleges that the California Department of Motor Vehicles ("DMV") is violating both the Fifth and Fourteenth Amendments of the United States Constitution by refusing to release his driver's license until he pays a registration fee and registers for a monthly class.  In 1993, Villegas entered into a plea bargain for driving under the influence ("DUI") within seven years of another DUI offense.[3]  As part of the plea bargain, Villegas' driver's license was suspended for four years.[4]  Villegas alleges that by withholding his license, after the four year suspension has lapsed, the DMV is violating his "vested and fundamental" right to drive under the Fourteenth Amendment, and also subjecting him to additional punishment for the same crime.[5] Villegas alleges that this violates the Double Jeopardy Clause of the Fifth Amendment.[6]  While the complaint primarily relies on the Constitution to assert claims, it fails to provide any non-frivolous basis for jurisdiction in federal court.  In addition, Villegas' claims against the DMV may be precluded by the Eleventh Amendment.[7]

Generally, a district court must give *pro se* litigants an opportunity to amend their complaint.  "[L]eave [to amend] shall be freely given when justice so requires."[8]  A federal court also must liberally construe the "inartful pleading" of parties appearing *pro se*.[9]  Accordingly, this court recommends that the district judge dismiss the complaint with leave to amend.

**IT IS SO ORDERED.**

Dated:   2/17/2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

---

[3] Compl. at 1.

[4] *Id.*

[5] *Id.* at 10-11.

[6] *Id.*

[7] *See, e.g., Miller v. Geico Auto Insurer*, No. 7:04CV00702, 2005 U.S. Dist. LEXIS 14441 (W.D. Va. July 19, 2005) (holding that the Virginia DMV is a state agency that is immune from liability under the 11th Amendment).

[8] Fed. R. Civ. P. 15(a).

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

2

Case No.: CV 11-05511 PSG
ORDER TO REASSIGN CASE; AND REPORT AND RECOMMENDATION THAT CASE BE DISMISSED WITH LEAVE TO AMEND