United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD E. VILLEGAS, ) | Case No.: 11-CV-05511-LHK |
| ) | |
| Plaintiff, ) | ORDER ADOPTING MAGISTRATE |
| v. ) | JUDGE'S REPORT AND |
| ) | RECOMMENDATION; GRANTING |
| THE DEPARTMENT OF MOTOR VEHICLES, ) | MOTION FOR LEAVE TO FILE |
| ) | AMENDED COMPLAINT; |
| Defendant. ) | DISMISSING *IN FORMA PAUPERIS* |
| ) | COMPLAINT |

On November 15, 2011, Plaintiff Edward E. Villegas ("Plaintiff") filed this action, along with an application for leave to proceed in forma pauperis. *See* ECF Nos. 1, 2. The Court has reviewed Magistrate Judge Paul S. Grewal's Report and Recommendation that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend ("Report"). *See* ECF No. 7. On March 5, 2012, the last day for objections, Plaintiff filed a Motion for Leave to File an Amended Complaint ("Mot."). *See* ECF No. 9. Plaintiff has filed nothing else resembling an objection to the Report and Recommendation. Accordingly, because the Court finds the Report correct and well-reasoned, the Court adopts it in its entirety. The Court therefore DISMISSES the original complaint, with leave to amend. The Court furthermore GRANTS Plaintiff's Motion for Leave to File an Amended Complaint, DENIES Plaintiff's Application for Leave to Proceed In

1

Case No.: 11-cv-05511-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING LEAVE TO FILE AMENDED
COMPLAINT; DISMISSING AMENDED COMPLAINT WITH PREJUDICE

Forma Pauperis, and DISMISSES the First Amended Complaint ("FAC") with prejudice. *See* ECF No. 9.

"To proceed in forma pauperis is a privilege not a right," *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965), and the decision to grant or deny leave to proceed in forma pauperis is committed to the district court's sound discretion, *Torres v. Garcia*, 444 F.2d 537, 537 (9th Cir. 1971) (per curiam). Forma pauperis status requires: (1) a finding of indigency; (2) a finding that the underlying claim has some merit; and (3) the litigant's inability to secure counsel. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1308 & nn.18 & 19 (9th Cir. 1981). Here, Plaintiff has submitted an application that makes the requisite showing of indigency under 28 U.S.C. § 1915(e)(2). However, "[i]t is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit[,] and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." *Smart*, 347 F.2d at 116 (citations omitted); *accord Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Furthermore, under 28 U.S.C. § 1915(e)(2), a complaint filed in forma pauperis may be dismissed at any time, including before service of process, if the court determines that the action: (1) is frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1      Plaintiff styles this action as a petition for a writ of habeas corpus, but in substance, he
2  alleges that the California Department of Motor Vehicles ("DMV") is violating his Fifth and
3  Fourteenth Amendment rights under the U.S. Constitution by refusing to release his driver's
4  license until he pays a registration fee and registers for a monthly class. Plaintiff's driver's license
5  was suspended in 1993 for four years pursuant to a plea bargain for driving under the influence
6  ("DUI") within seven years of another DUI offense. Plaintiff alleges that by withholding his
7  license beyond the four-year suspension period, the DMV is violating his Fifth Amendment right
8  not to be subject to Double Jeopardy for the same crime, and his fundamental right to drive under
9  the Fourteenth Amendment. *See* Compl. at 1, 10-11; Mot. at 1, 4, 6. Plaintiff asserts that "[t]he
10 legal claims presented in the proposed First Amended Complaint are identical to those presented in
11 the original Complaint." Mot. at 1.

12     For the same reasons that the Court dismissed Plaintiff's original Complaint, the Court
13 likewise dismisses Plaintiff's FAC for failure to assert a non-frivolous claim, and accordingly
14 denies Plaintiff's application for leave to proceed in forma pauperis. The Court finds that
15 Plaintiff's claims against the DMV are precluded by the Eleventh Amendment. The Eleventh
16 Amendment bars suits in federal court against the State or its agencies, regardless of the nature of
17 the relief sought, absent the State's unequivocal consent or a valid congressional override of the
18 State's Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985);
19 *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Krainski v. Nev. ex rel.*
20 *Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010); *Dittman v.*
21 *California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). The State of California has not unequivocally
22 consented to a waiver of its Eleventh Amendment immunity to suits brought in federal court under
23 42 U.S.C. § 1983 for violations of the U.S. Constitution, *see Atascadero State Hosp. v. Scanlon*,
24 473 U.S. 234, 241 (1985), and Congress did not intend for § 1983 to abrogate a State's Eleventh
25 Amendment immunity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky*, 473
26 U.S. at 169 n.17. Here, Villegas sues the California Department of Motor Vehicles, which is
27 indisputably a state agency. *See Sykes v. State of Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197,
28

3

Case No.: 11-cv-05511-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING LEAVE TO FILE AMENDED
COMPLAINT; DISMISSING AMENDED COMPLAINT WITH PREJUDICE

201-02 (9th Cir. 1974) ("[A] civil rights action under Section 1983 or 1985 will not lie against an administrative agency of a state, such as the Department of Motor Vehicles."); *see also Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) (holding plaintiff's official-capacity suit against an investigator for the Idaho Department of Motor Vehicles barred by Eleventh Amendment immunity). Thus, although Plaintiff does not seek money damages but instead seeks only prospective declaratory and injunctive relief, his claims are barred by the Eleventh Amendment and are thus legally frivolous. *See, e.g.*, *S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 508 (9th Cir. 1990) (dismissing claims against Caltrans, a state agency, as prohibited by the Eleventh Amendment, even though plaintiff sought only prospective declaratory and injunctive relief).

Accordingly, Plaintiff's Application for Leave to Proceed In Forma Pauperis is DENIED, and his First Amended Complaint is DISMISSED with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 15, 2012

_____
LUCY H. KOH
United States District Judge

4

Case No.: 11-cv-05511-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING LEAVE TO FILE AMENDED COMPLAINT; DISMISSING AMENDED COMPLAINT WITH PREJUDICE